## APPEAL OF TWO NINETY-TWO FLATBUSH AVENUE CORPORATION.

Docket No. 5189.    Submitted November 17, 1925.    Decided February 17, 1926.

A taxpayer making capital additions to leased premises, the life of which is greater than the term of the lease, and which are surrendered upon the termination thereof, is entitled to a proportionate annual allowance of the cost over the life of the lease.

*Benjamin Mahler, Esq.,* for the taxpayer.
*John W. Fisher, Esq.,* for the Commissioner.

Before MARQUETTE, MORRIS, GREEN and LOVE.

This appeal is from the determination of a deficiency in income tax for the year 1921 amounting to $69.17. The deficiency arose from the reduction of the depreciation taken by the taxpayer on a brick building for that year.

### FINDINGS OF FACT.

The taxpayer is a corporation engaged in showing moving pictures in the Borough of Brooklyn, City of New York.

January 12, 1912, Joseph H. McGowan, of Brooklyn, leased from the trustees of the Estate of Aaron S. Robbins two certain lots of real estate situated in the Borough of Brooklyn. The life of the

lease was 10 years from May 1, 1912. The rental for the first 5 years was 7 per cent of the assessed taxable value of the land, and for the second 5 years, 10 per cent of such value. All rental was payable monthly. The lessee agreed to pay all yearly taxes, water rates, and other charges which might be imposed according to law upon the premises, or any part thereof, by the State or city government, and also at his own expense promptly to comply with all laws, rules, orders, regulations, and requirements of the board of fire underwriters or other similarly constituted body, and to make all repairs which might become necessary or proper to keep the premises in perfect condition. Failure to comply with any of these requirements gave the lessor the right of reentry or suit as for rent in the proper court, as he might choose.

The lease provides that at the expiration of the term, either by lapse of time, forfeiture, or otherwise, the lessee will quit and surrender the premises in perfect condition, reasonable use and wear thereof being allowed for, and that all improvements and additions, alterations, and repairs to or upon said premises shall remain and be surrendered with the premises leased without disturbance, molestation, or injury. It grants to the lessee the privilege of erecting such buildings or structures as he may desire, and of making such repairs, additions, or alterations to the premises as he may deem necessary and proper, and provides that no building or buildings, or other structures, nor any additions, repairs, or alterations shall be made upon the premises until the plans and specifications thereof shall have been submitted to the lessors and approved by them. It also provides that the lessee shall keep all the buildings on the premises at the time of the execution of the lease or thereafter erected properly insured against loss or damage by fire at his sole expense. All its covenants, agreements, and conditions were made binding on the heirs, executors, administrators, successors, and assigns of the respective parties.

On June 1, 1913, a like lease was executed between the same parties for an adjoining tract of land, the only material difference between the two being that the life of the latter was 8 years and 11 months instead of 10 years.

The two leases were assigned to taxpayer for $5,000. It erected on the first, at a cost of $32,045.92, a building to be used as a theatre for the exhibition of moving pictures, and on the other, at a cost of $3,787.80, an aerodrome, to be used for the same purpose during the summer months. The equipment for the theatre cost $2,511.51 and for the aerodrome $1,793.09. The taxpayer remained in possession during the full term of the leases.

In its return for 1921 it claimed a depreciation deduction of $1,700, being 5 per cent on the cost of the theatre and aerodrome, of which the Commissioner disallowed $1,020.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

### OPINION.

MORRIS: The facts appear to be that taxpayer held by assignment from the original lessee two leases, each for a certain tract of real estate in the Borough of Brooklyn, New York City, running, respectively, 10 years and 8 years 11 months. Both expired on the same date.

Taxpayer built on one of the tracts a moving-picture theatre at a cost of $32,045.92, and on the other an aerodrome at a cost of $3,787.80.

The leases contain no provision for extension or renewal. Each provides for its surrender, with all repairs and improvements made on the land, at the end of the term. The case comes clearly within the purview of the decision of the Supreme Court of the United States in *Duffy* v. *Central R. R. Co. of New Jersey*, 268 U. S. 55. That case related to a like provision in the Revenue Act of 1916. It involved a 999-year lease and a 30-year lease and the improvements made by the lessee thereon.

Under the 30-year lease the lessee removed an old pier and built in its stead a new one. The court said, in part:

In respect of the 999 year leases, the additions and betterments will all be consumed in their use by the lessee within a fraction of the term, and, as to them, allowances for annual depreciation will suffice to meet the requirements of the statute. In the case of the pier leases, the improvements may and probably will outlast the term, and, as to them, deductions may more properly take the form of proportionate annual allowances for exhaustion.

In the instant case there could be no doubt that the improvements would in the natural course outlast the term of the lease. The lessee was clearly entitled to a proportionate annual allowance for exhaustion of the cost thereof, measured by the term of the lease.